UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WALTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 07-CV-10645
Criminal No. 04-CR-90015

HONORABLE MARIANNE O. BATTANI
MAGISTRATE JUDGE STEVEN D. PEPE

## REPORT AND RECOMMENDATION

Petitioner Robert Walton pled guilty to conspiring to defraud the United States in a plea hearing before the Honorable Marianne O. Battani on December 5, 2005. At his sentencing hearing on April 10, 2006, Petitioner was sentenced to a prison term of one year and one day, and placed on supervised release for a term of two years (Dkt. #32). Petitioner filed a timely habeas petition under 28 U.S.C. § 2255 challenging his conviction and sentence (Dkt. #34) on the sole ground of ineffective assistance of counsel. On February 22, 2007, Petitioner filed an amended Petition for Writ of Habeas Corpus, which further explained his claim of ineffective assistance of counsel and added a count claiming his plea was not given knowingly and voluntarily (Dkt. #36). This matter has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons indicated below, it is **RECOMMENDED** that this Petition be **DENIED**.

### I.    Background

On September 21, 2005, a second superseding indictment was returned against Petitioner

1

charging him with three counts of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (counts one, six and ten); two counts of bribery in violation of 18 U.S.C. § 201(c) (counts two and three); and seven counts of unlawful procurement of citizenship or naturalization and aiding and abetting in violation of 18 U.S.C. §§ 1425(a) (2) (counts four, five, seven, eight, nine, eleven and twelve) (Dkt. #24). On December 5, 2005, Petitioner pled guilty to count six of the second superseding indictment. Tr. Plea Hearing at 3. All remaining counts against Petitioner were dismissed.

In his habeas petition, Petitioner claims ineffective assistance of counsel. Specifically, Petitioner alleges that his trial counsel, Ellen Dennis, (1) failed to contact witnesses demanded by Petitioner; (2) did not honor Petitioner's requests; (3) did not allow Petitioner to participate in his own defense; (4) was not competent of the law as it pertained to his alleged violations; (5) gave advice outside of her competency level, (6) failed to investigate the true nature of his offense; and (7) failed to object to prosecutorial misconduct (Dkt. #36, Amended Petition, p. 5). Petitioner also claims that his plea was given neither knowingly nor voluntarily because it was based on abandoned promises by the prosecutor and because it had no factual basis.

Petitioner did not appeal his conviction and, thus, his challenges are being heard for the first time in this Petition.

## II.   The Facts Leading to the Conviction

Petitioner worked for the Immigration and Naturalization Service ("INS"), now the Department of Homeland Security, for 20 years (Dkt. #30, Petitioner's Sentencing Memorandum, p. 1). In 1997, he became a District Office Adjudicator in Detroit, responsible for reviewing applications for naturalization. As part of this review, he interviewed applicants and

conducted literacy exams. *Id.* at 2. The government states that Petitioner approved the applications of several individuals who failed to meet the literacy requirements and, at times, received things of value for services he performed in his official capacity, including a diamond earring and a diamond bracelet. While Petitioner acknowledges that he may have "give[n] applicants the benefit of the doubt and extra help with the examination, when he should not have done so," he contends that his supervisors never told him he was being too lenient. Further, although he admits he accepted certain items and services, including the diamond jewelry, he contends that they were simply gifts: he did not solicit them and did not view them as payment for any acts he performed as an INS employee. *Id.* at 3-4.

In November 2004, Petitioner accepted $5,000 from Fouad Dabaja, the son of Fawzie Abdul Latif Dabaja, whose application for naturalization Petitioner approved on September 5, 2000. Count six of the second superseding indictment, the only count to which Petitioner pled guilty, alleged that Petitioner conspired with Mr. Dabaja to grant his mother's application. Petitioner acknowledges receipt of $5,000 from Mr. Dabaja, but states that Mr. Dabaja merely loaned him the money because he was having financial difficulties. After the initial indictment was returned against him on April 30, 2004, he was suspended from his job without pay; by November, his situation had become so dire that Petitioner alleges accepting the "loan" "was a matter of survival." (Dkt. #30, Petitioner's Sentencing Memorandum, Ex. 1, p. 4).

### III. Standard of Review

A prisoner seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact of law that was so fundamental as to render the entire proceeding invalid." *Mallett v. U.S.*,

334 F.3d 491, 496-97 (2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). Where the petitioner's motion alleges a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 268 U.S. 424, 428 (1968)).

Generally a petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *U.S. v. Frady*, 456 U.S. 152, 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Yet, this procedural default rule does not apply to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal because the record may be inadequate to permit review. *See*, *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

The Supreme Court has established a two-prong test for determining whether counsel's performance was ineffective for Sixth Amendment purposes:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

4

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The *Strickland* test also applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To demonstrate prejudice resulting from ineffective assistance of counsel in the context of plea arrangements, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59. The *Strickland* court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When evaluating counsel's performance under the *Strickland* test, the Sixth Circuit has emphasized that "[a] reviewing court must give a highly deferential scrutiny to counsel's performance . . . ." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). This is based on the well-established principle that legal counsel is presumed competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), *aff'd denial of post-conviction relief*, 972 F.2d 348 (6th Cir. 1992), *cert. denied*, 507 U.S. 917 (1993). As the Court in *Strickland* stressed:

> [I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

466 U.S. at 689.

**IV. Mootness**

Petitioner was released from prison on May 5, 2007, and placed on supervised release. Yet, because Petitioner was incarcerated on the date his petition was filed, he satisfies the "in

5

custody" requirements of 28 U.S.C. § 2241, and this Court's jurisdiction is not affected by his subsequent release. *See, e.g.*, *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993). His release does not render his habeas petition moot:

> [I]n *Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968), the Supreme Court recognized that, because significant collateral consequences flow from a criminal conviction, a habeas petition is not mooted merely by the Petitioner's release from custody. This court has consistently adhered to that rule.
>
> Moreover, the Supreme Court does not require the actual existence of a specific collateral consequence. *Sibron v. New York*, 392 U.S. 40, L. Ed. 2d 917, 99 S. Ct. 1889 (1968). Rather, the mere possibility that such consequences could exist is sufficient to preserve a live controversy. *Id.*; *see Green*, 839 F.2d at 301-02.

*Id.* (quoting *Green v. Arn*, 839 F.2d 300, 301-02). The *DePompei* court declined to find a habeas petition moot when the petitioner was a doctor whose license to practice medicine had been revoked due to his conviction. Here, Petitioner is a 57 year old man who lost the government job he had held for approximately 20 years because of the charges against him (Dkt. #30, Petitioner's Sentencing Memorandum, p. 1). Since his release from prison, Petitioner has been unable to get a job and contends that he has been placed on a terrorist watch list (Dkt. #47, Petitioner's Reply, p. 2). He states he merely wants "the right to be able to live like a normal person and have the opportunity to make a living and take care of [his] family." Petitioner has suffered collateral consequences and will continue to suffer collateral consequences as a result of his conviction. His petition is therefore not mooted by his release from prison.

### V. Analysis of Petitioner's Claims

Petitioner argues that he received ineffective assistance from counsel because Ms. Dennis:

(1) Failed to contact witnesses demanded by Petitioner (Dkt. #36, Amended Petition, p. 5, ¶12(a)(1)).

6

(2) Did not honor Petitioner's requests (Dkt. #36, Amended Petition, p. 5, ¶12(a)(2)).
(3) Did not allow Petitioner to participate in his own defense (Dkt. #36, Amended Petition, p. 5, ¶12(a)(3)).
(4) Was not competent in her knowledge of the law as it pertained to Petitioner's alleged violations (Dkt. #36, Amended Petition, p. 5, ¶12(a)(4)).
(5) Gave advice outside of her competency level (Dkt. #36, Amended Petition, p. 5, ¶12(a)(5)).
(6) Failed to investigate the true nature of Petitioner's alleged offense (Dkt. #36, Amended Petition, p. 5, ¶12(a)(6)).
(7) Failed to object to prosecutorial misconduct (Dkt. #36, Amended Petition, p. 5, ¶12(a)(7)).

In addition, he argues that there was no factual basis for his plea.[1]

Petitioner's claim that Ms. Dennis' performance was deficient because she did not honor his requests and refused to allow him to participate in his own defense are without merit (Dkt. #36, Amended Petition, p. 5, ¶12(a)(2, 3)). Specifically, he claims that Ms. Dennis failed to contact requested potential witnesses (Dkt. #36, Amended Petition, p. 5, ¶12(a)(1)), and did not obtain for him a copy of an INS employment handbook or any documentation that would help him understand how he committed an offense (Dkt. #36, Amended Petition, p. 20).

His claim that Ms. Dennis failed to contact witnesses is unsupported by the record. On November 29, 2005, Ms. Dennis faxed to the prosecutor a list of twelve federal employees she wanted made available to testify at Petitioner's trial (Dkt. #45, Respondent's Response, Ex. 1). Petitioner has not shown that he gave other names to Ms. Dennis to contact. Further, Petitioner has not demonstrated that Ms. Dennis' alleged failure to investigate certain witnesses prejudiced

---

[1] To the extent that Petitioner alleges prosecutorial misconduct, his claim is procedurally defaulted because he failed to raise it on appeal. *See, e.g.*, *Tate v. Overton*, No. 03-10056-BC, 2006 U.S. Dist. LEXIS 59121, at *25-29 (E.D. Mich. Aug. 22, 2006). His claims that his counsel was deficient for failing to object to alleged prosecutorial misconduct are discussed later in this Report.

7

his case.  In order to "present an ineffective assistance of counsel claim based on a failure to call a witness, the defendant must make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result." *Malcum v. Burt*, 276 F. Supp. 2d 664, 679 (E.D. Mich. 2003) (citing *United States ex. rel. Jones v. Chrans*, 187 F. Supp. 2d 993, 1009 (N.D. Ill. 2002)).  Petitioner does not explain what the content of the other witnesses' testimony would have been or how it would have altered his decision to plead guilty.  Accordingly, Petitioner has not demonstrated that this alleged failure amounts to ineffective assistance of counsel.

His claim that she failed to obtain a copy of an INS employment handbook or other related documentation, and that he thus did not understand what offense he committed, is also not sufficient to demonstrate ineffective assistance of counsel.  As noted above, there is a strong presumption that counsel was adequate; an act or omission only meets the standard of ineffectiveness if it was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Failure to provide an employment handbook does not meet this standard.  Petitioner has not sufficiently explained how such a handbook would have changed his decision to plead guilty.  Thus, his claims that Ms. Dennis's performance was deficient because she did not honor his requests or allow him to participate in his own defense are without merit.

Petitioner's allegation that Ms. Dennis advised him to plead guilty because she was not prepared to try the case is similarly unsupported by the record.  He states that she did not understand the law as it pertained to his alleged violations, gave advice outside of her competency level, and failed to investigate the true nature of his offense (Dkt. #36, Amended Petition, p. 5, ¶12(a)(4-6)).  These allegations are contradicted by the record.  Petitioner testified

under oath during his plea hearing that he reviewed the plea agreement with Ms. Dennis and that he was satisfied with her representation:

> THE COURT: Okay. Have you had a chance to review this [plea] with your attorney, Miss Dennis?
>
> PETITIONER: Yes, I have.
>
> THE COURT: Okay, and are you satisfied with her representation?
>
> PETITIONER: Yes, I am.

Tr. Plea Hearing at 5:3-8. Statements made in open court carry a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63 (1977). Other than Petitioner's claim that Ms. Dennis' stated she was unprepared to try his case, Petitioner has not offered any evidence that would nullify his sworn statement in court.

The record shows that Ms. Dennis spent approximately 26 hours preparing for Petitioner's trial (Dkt. #45, Respondent's Response, Ex. 1, Aff. Ellen Dennis, ¶ 4). As part of her preparation, she spent over nine hours reviewing transcripts and discovery materials, and eleven hours in conference with Petitioner. She also filed proposed voir dire questions and requested the production of witnesses. *Id.* at 5-6. Further, Petitioner acknowledges that Ms. Dennis is "an experienced trial attorney and former federal prosecutor." (Dkt. #47, Petitioner's Reply, p. 1). She is also a member of the Criminal Justice Act federal appointment panel (Dkt. #45, Respondent's Response, Ex. 1, Aff. Ellen Dennis, ¶ 4). Thus, the record does not support Petitioner's claim that Ms. Dennis was unprepared or incompetent.

Petitioner's final allegation of ineffective assistance of counsel, that Ms. Dennis failed to object to alleged prosecutorial misconduct, also is without merit (Dkt. #36, Amended Petition, p. 5, ¶ 7). According to Petitioner, Ms. Dennis told him that the government had agreed not to

argue against his receiving a probationary sentence if he pled guilty to count six of the second superseding indictment. Yet, without any objections from Ms. Dennis, the prosecutor vigorously argued for a prison sentence.

At his plea hearing, the prosecutor stated: "[T]here is not a written Rule 11 plea agreement. Defendant is, however, here to tender a guilty plea to count six of the second superseding indictment, and the government has agreed to dismiss all remaining counts, and that is the only promise the government has made to the defendant." Tr. Plea Hearing at 3:19-24. Petitioner stood silent and did not attempt to withdraw his guilty plea. The Court later asked Petitioner if he understood the terms of the plea agreement:

> THE COURT: Okay, I understand from what the government said that there is no plea agreement between you except for the agreement to dismiss the rest of the counts if you plead guilty on count six of the second superseding indictment, is that correct?
>
> PETITIONER: Yes, it is.
>
> THE COURT: And you understand that?
>
> PETITIONER: Yes, Your Honor.
>
> MS. DENNIS: Yes, Your Honor, that was our election, 'cause we wanted not to preclude my argument on sentencing.
>
> THE COURT: Has anybody made any promises to you, sir, that the Court would do anything specific outside of, I'm assuming[,] advising you of what the sentencing guidelines are?
>
> PETITIONER: Nobody's made any promises whatsoever to me.
>
> THE COURT: Okay, because I don't know you. I don't know really anything yet about your case, much about your case anyway. So there are no promises, right?
>
> PETITIONER: No, there isn't.

Tr. Plea Hearing at 8:13-9:6.

Where all required procedures have been followed, "absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the Court, a defendant's plea agreement consists of the terms revealed in open court." *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986). Further, "a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy." *Shanks v. Wolfenberger*, 387 F. Supp. 2d 740, 751 (6th Cir. 2005). The Court followed all required procedures, personally addressing Petitioner in open court in order to ensure that he understood his right to plead not guilty and that his plea was given freely and voluntarily. *See*, Fed. R. Crim. P. 11. Petitioner was asked no less than three times whether or not he understood the plea agreement to have additional terms; three times, he stated he did not. His failure to mention his understanding of the agreement at his plea hearing undermines his claim of ineffective assistance of counsel now.

To the extent that Petitioner argues that he pled guilty because Ms. Dennis threatened him that other charges would be filed against him if he chose to proceed to trial, this claim is also without merit. At his plea hearing, he was asked:

> THE COURT: Has anybody threatened you or forced you to plead guilty?
>
> THE PETITIONER: No.

Tr. Plea Hearing at 8:10-12. His unsupported claim that he was coerced or "tricked," (Dkt. #47, Petitioner's Reply, p. 1), into accepting the plea agreement is not sufficient to overcome his statements at his plea hearing. *See*, *Shanks*, 387 F. Supp. 2d at 750-51 (rejecting petitioner's

11

claim that his attorney coerced him into pleading guilty by threatening to withdraw from his case if he did not testify that his plea was free and voluntary).

Petitioner's final argument is that there was no factual basis for his plea. He argues that, because he has not been presented with any employment handbooks that demonstrate how, exactly, he had failed to perform his job properly, it has not been shown that he was not simply following INS guidelines and customs. Yet, this argument too is undermined by Petitioner's statements at his plea hearing. As noted above, Defendant acknowledged receiving $5,000 from Mr. Dabaja.

> THE COURT: Would you please tell me what it is in your own words that gives rise to these charges.
>
> PETITIONER: I agreed with Mr. Fouad Dabaja to interview his mother and to pass her for application for citizenship.
>
> THE COURT: And she wasn't qualified for citizenship?
>
> PETITIONER: Her qualifications did not meet the standard requirements.

Tr. Plea Hearing at 9:16-23. Plaintiff thus acknowledged both awareness of standard requirements and awareness that Fawzie Abdul Latif Dabaja did not meet those requirements. He demonstrated a factual basis for his plea, and his argument now that there was no factual basis is without merit.

## VI.  Recommendation

On this record it cannot be said that Petitioner's counsel was deficient, or that he was prejudiced by her performance. Accordingly, for the above stated reasons, **IT IS RECOMMENDED** that Petitioner's habeas corpus request be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: August 31, 2007                                           s/ Steven D. Pepe
Flint, Michigan                                                  United States Magistrate Judge

CERTIFICATE OF SERVICE

     I hereby certify that on August 31, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Nancy A. Abraham, M. Ellen Dennis, Lynn A. Helland, Rickie E. Ibe, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert Walton #03267-039, FCI - Gilmer, Glenville, WV 26351

                                                                      s/ James P. Peltier
                                                                       James P. Peltier
                                                                       Courtroom Deputy Clerk
                                                                       U.S. District Court
                                                                       600 Church St.
                                                                       Flint, MI 48502
                                                                       810-341-7850
                                                               pete_peliter@mied.uscourts.gov